UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ANTHONY RODRIGUEZ, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

                         Plaintiff,

           -against-

149 STREET FOOD CORP. d/b/a FINE FARE
SUPERMARKET, and 675 MORRIS AVE FOOD
CORP. d/b/a FINE FARE SUPERMARKET, and
FRANKLIN PIMENTEL, individually, and
DAISY PIMENTEL, individually, and
RIGO DELGADO, individually,

                        Defendants.
----------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**  18-cv-07933

Jury Trial Demanded

       ANTHONY RODRIGUEZ, on behalf of himself, individually, and on behalf of all others

similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms

are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and

for his Complaint against 149 STREET FOOD CORP., which does business as FINE FARE

SUPERMARKET, and 675 MORRIS AVE FOOD CORP., which also does business as FINE

FARE SUPERMARKET, and FRANKLIN PIMENTEL, individually, DAISY PIMENTEL,

individually, and RIGO DELGADO, individually, (collectively, where appropriate, as

"Defendants"), alleges upon knowledge as to himself and his own actions and upon information

and belief as to all other matters as follows:

## NATURE OF CASE

1.    This is a civil action seeking damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 and the Minimum Wage Order for Miscellaneous Industries and Occupations ("Wage Order"), codified as N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the spread of hours provisions of the Wage Order, NYLL § 652 and 12 NYCRR § 142-2.4; (iv) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (vi) the NYLL's requirement that employers not make unlawful deductions from employees' earned wages without written consent, NYLL §§ 190, 193; and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.    As described below, Plaintiff worked for Defendants - - two corporations that operate as a single enterprise to run two Bronx supermarkets that do business under the same name, and the corporations' owners and day-to-day managers - - from on or around July 15, 2016 until May 15, 2018, as a deli worker and cook. Throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout his employment, Defendants routinely required Plaintiff to work beyond forty hours in a workweek but failed to compensate Plaintiff at the statutorily-required overtime rate of time and one-half his straight-time rate of pay for any hours that he worked per week in excess of forty, and instead paid Plaintiff at his regular rate of pay for all hours worked.

3.     Additionally, in violation of New York law, Defendants failed to: pay Plaintiff a spread of hours premium when his shift exceeded ten hours from beginning to end; provide Plaintiff with accurate wage statements on each payday; or provide Plaintiff with any wage notice at hire, let alone an accurate one.

4.     Further violating New York law, from December 31, 2017 through the end of his employment, Defendants unlawfully deducted $25.00 from each week's wages paid to Plaintiff, without express written authorization and without Plaintiff's voluntary consent.

5.     Defendants paid and treated all of their hourly employees in the same manner.

6.     Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.  Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

7.     Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions comprising the claims for relief occurred within this judicial district.

## PARTIES

10.     At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.     At all relevant times herein, Defendant 149 Street Food Corp. was and is a New York corporation with its principal executive office located at 675 Morris Avenue, Bronx, New York 10451, and its principal place of business located at 459 East 149th Street, Bronx, New York 10455.

12.     At all relevant times herein, Defendant 675 Morris Avenue Food Corp. was and is a New York corporation with its principal executive office located at 675 Morris Avenue, Bronx, New York 10451, and its principal place of business located at 153 Morris Avenue, Bronx, New York 10451.

13.     At all relevant times herein, Defendant Franklin Pimentel, Daisy Pimentel's husband, was and is a co-owner of Defendants 149 Street Food Corp. and 675 Morris Avenue Food Corp. who was one of Plaintiff's supervisors throughout his employment with Defendants. In that role, Franklin Pimentel was responsible for overseeing all of the day-to-day operations of both 149 Street Food Corp. and 675 Morris Avenue Food Corp., and managing the supermarkets' employees, including all matters with respect to determining employees' rates and methods of pay and hours worked, determining employees' work locations, distributing work duties, and the hiring and firing of employees.

14.    At all relevant times herein, Defendant Daisy Pimentel, Franklin Pimentel's wife, was and is a co-owner and/or manager of Defendants 149 Street Food Corp. and 675 Morris Avenue Food Corp. who was also one of Plaintiff's supervisors throughout his employment with Defendants. In that role, Daisy Pimentel was responsible for overseeing the day-to-day operations of both 149 Street Food Corp. and 675 Morris Avenue Food Corp., and managing the supermarkets' employees, including all matters with respect to determining employees' rates and methods of pay, providing cash payment of wages to employees, and the hiring and firing of employees.

15.    At all relevant times herein, Defendant Delgado was and is a manager of Defendant 149 Street Food Corp. who was also one of Plaintiff's supervisors throughout his employment with Defendants. In that role, Delgado was responsible for overseeing the day-to-day operations of 149 Street Food Corp., and managing the supermarket's employees, including all matters with respect to determining employees' schedule and hours worked, assigning duties, and making recommendations to the Pimentels about the hiring and firing of employees at that location.

16.    At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally 149 Street Food Corp.'s and 675 Morris Avenue Food Corp.'s qualifying annual business exceeded and exceeds $500,000, and 149 Street Food Corp. and 675 Morris Avenue Food Corp. were and are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees, order and sell food and other products, purchase employee uniforms, and buy other supplies, such as such as cleaning supplies and kitchen equipment and utensils, from vendors located in states other than New York, and also accept credit cards as a form of payment based on cardholder agreements with out-of-

state companies, the combination of which subjects 149 Street Food Corp. and 675 Morris Avenue Food Corp. to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former hourly employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants and who give consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

18.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

19.    At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

20.    Thus, all FLSA Plaintiffs are victims to Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

21.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and NYCRR.

22. Under FRCP 23(b)(3), Plaintiff must plead that:

    a.  The class is so numerous that joinder is impracticable;

    b.  There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.  Claims or defenses of the representative are typical of the class;

    d.  The representative will fairly and adequately protect the class; and

    e.  A class action is superior to other methods of adjudication.

23. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former hourly employees of Defendants who performed any work for Defendants within the State of New York at any time within six years from the date of this action's commencement ("Rule 23 Plaintiffs").

### Numerosity

24.     Within the last six years Defendants have, in total, employed at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

25.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require Rule 23 Plaintiffs to perform; (2) the manner of compensating   Rule 23 Plaintiffs; (3) whether

Defendants paid and pay Rule 23 Plaintiffs overtime wages at time and one half their respective regular rates of pay for all hours worked over forty in a week; (4) whether Defendants failed and fail to pay Rule 23 Plaintiffs spread-of-hours premium pay when their workdays exceed ten hours; (5) whether Defendants failed and fail to furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (6) whether Defendants failed and fail to furnish Rule 23 Plaintiffs with accurate wage notices at the time of their hire containing the information required by NYLL § 195(1); (7) whether Defendants made unlawful deductions to Rule 23 Plaintiffs' weekly wages; (8) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and the NYCRR; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

26.     As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCRR.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, and Defendants did and do not pay them overtime wages for all hours worked over forty each, nor did and do Defendants furnish them with spread of hours pay, proper wage statements, or wage notices when the law requires, and Defendants did and do make unlawful deductions from their wages.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and the NYCRR to be paid all of their earned overtime wages and one additional hour's pay at the minimum wage rate when their spread of hours exceeds ten in a day, to be furnished with accurate wage statements on each payday and wage notices upon hire, and to be paid all of their earned wages free of any unlawful

deductions. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCRR. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

## Adequacy

27. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants regularly failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate of pay for all hours worked over forty each week or spread-of-hours premiums for all days where his shift spanned in excess of ten hours from start to finish, did not furnish Plaintiff with accurate wage statements on each payday or with an accurate wage notice upon hire, and made unlawful deductions from Plaintiff's wages, which is substantially similar to how Defendants paid and treated and pay and treat the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters pertaining to him raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

28. Additionally, Plaintiff's counsel has substantial experience in this field of law.

## Superiority

29. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants

have treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

30.    Any lawsuit brought by any current or former hourly employee of Defendants would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

31.    Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

32.    149 Street Food Corp. owns and operates a busy supermarket located at 459 East 149th Street, Bronx, New York 10451 (hereinafter, the "149th Street location").

33.    675 Morris Avenue Food Corp. owns and operates a busy supermarket located at 153 Morris Avenue, Bronx, New York 10451 (hereinafter, the "Morris Avenue location").

34.    Franklin and Daisy Pimentel, who are husband and wife, co-own and co-manage 675 Morris Avenue Food Corp. The Pimentels also co-own and, together with Rigo Delgado, manage 149 Street Food Corp. Together, these three individuals were and are jointly responsible for all matters with respect to hiring, firing, and disciplining the supermarkets' employees, as well as determining all of the supermarkets' employees' rates and methods of pay and hours worked, determining those employees' work locations, and distributing work duties. Indeed, Franklin Pimentel personally gave the approval for Defendants to hire Plaintiff, determined at which location Plaintiff would work, and on occasion, personally paid Plaintiff's wages to him. For her part, Daisy Pimentel personally provided Plaintiff with, *albeit* inaccurate, copies of his weekly hours to verify and sign, and personally paid Plaintiff's wages to him on most instances. Rigo Degaldo was responsible for setting Plaintiff's schedule, assigning to him his duties, and

overseeing the day-to-day operations of the Morris Avenue location where Plaintiff primarily worked during his employment with Defendants.

35.     Furthermore, 149 Street Food Corp. and 675 Morris Avenue Food Corp. have an interrelation of operations as they: share employees with one another; concurrently control labor relations between employees and management; are commonly managed by the same personnel, namely Defendants Franklin and Daisy Pimentel; and are commonly owned and controlled financially.

36.     On or about July 15, 2016, Plaintiff commenced his employment with Defendants as a deli worker at the 149th Street location. In this capacity, as its name suggests, Plaintiff was responsible for cutting deli meats and cheeses, making sandwiches and other food items, and cleaning his work area as needed.  Plaintiff was subsequently given additional duties working in the kitchen as a cook, which he performed along with his duties as a deli worker.  Plaintiff worked for Defendants in that role until May 15, 2018.

37.     Throughout Plaintiff's employment, when Defendants' Morris Avenue location was short-staffed, Defendants would instruct Plaintiff to report to and work at the Morris Avenue location instead of reporting to the 149th Street location.

38.     Throughout his employment, Defendants required Plaintiff to work six days per week, typically from 12:00 p.m. to 9:00 p.m. Monday through Thursday and Saturday, and from 12:00 p.m. to 8:00 p.m. on Sunday, although Plaintiff's hours varied from week-to-week.  Plaintiff would "punch in" each day at the beginning and "punch out" at the end of his shift, with the exception of Saturdays from April 28, 2018 until the end of his employment two weeks later, on which days Defendants did not permit Plaintiff to punch in yet required him to work the same hours as he previously worked on Saturdays.  Plaintiff received a thirty-minute break each day in

2016 and 2017, and thus typically worked a total of fifty hours each week worked during those years, and a one-hour break each day in 2018, and thus typically worked a total of forty-seven hours each week worked during that year.

39.    For his hours worked, Defendants paid Plaintiff at the same hourly rate for all of his hours worked, including those over forty in a week, in the amount of: $13.00 per hour in 2018, $11.00 per hour in 2017, and $10.00 per hour in 2016.

40.    Thus, throughout his employment, Defendants failed to compensate Plaintiff at the overtime rate of time and one-half his regular rate of pay, or: $19.50 per hour in 2018, $16.50 per hour in 2017, and $15 per hour in 2016, for any hours that Plaintiff worked in a workweek in excess of forty.

41.    By way of example only, during the week of February 11 to 17, 2018, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

> Sunday, February 11, 2018: 7:00 a.m. to 8:00 p.m.;
>
> Monday, February 12, 2018: 12:00 p.m. to 9:00 p.m.;
>
> Tuesday, February 13, 2018: 12:00 p.m. to 9:00 p.m.;
>
> Wednesday, February 14, 2018: 12:00 p.m. to 9:00 p.m.;
>
> Thursday, February 15, 2018: 12:00 p.m. to 9:00 p.m.;
>
> Friday, February 16, 2018: off;
>
> Saturday, February 17, 2018: 11:00 a.m. to 9:00 p.m.

Thus, when factoring in his one-hour break each day, Plaintiff worked fifty-three hours during this week. In exchange for his work during this week, Defendants paid Plaintiff his regular hourly rate of $13.00 per hour for all fifty-three hours worked. Defendants did not pay Plaintiff at the statutorily-required overtime rate of time and one-half, or $19.50 per hour, for the thirteen hours

that he worked in excess of forty hours in that week, and thus shorted Plaintiff $84.50 in overtime pay for his work during this week.

42.     Defendants also failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage rate on those days when his spread of hours exceeded ten during a given day, including on Sunday, February 11, 2018, when Plaintiff worked a shift from 7:00 a.m. until 8:00 p.m. as described above.

43.     Throughout his employment, Defendants paid Plaintiff on a weekly basis, all in cash.  Prior to Plaintiff being paid and indeed as a condition to receiving his earned wages, Defendants, specifically Daisy Pimentel in most instances and Franklin Pimentel in others, provided Plaintiff with a summary of hours worked that they required Plaintiff to sign.  The summary of hours was inaccurate in that it only listed the first twenty or thirty hours worked in a week even though Plaintiff had been scheduled for, and actually worked, significantly more hours than that, and in fact received cash wages at his straight-time hourly rate for all of his hours worked, including those not listed on the inaccurate summary of hours that Defendants required Plaintiff to sign.

44.     Thus, on each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his total hours worked for that week or his straight and overtime rates of pay for every hour worked.

45.     Additionally, upon hire, Defendants failed to provide Plaintiff with any wage notice, let alone one accurately containing all of the information that Section 195(1) of the NYLL requires, such as Plaintiff's rates of pay and the basis thereof (e.g. hourly, daily, per shift) and the name and telephone number of the employer.

46.     Furthermore, from December 31, 2017, and throughout the remainder of Plaintiff's employment, Defendants unlawfully deducted $25.00 each week from Plaintiff's wages. Defendants made these deductions without obtaining Plaintiff's express written authorization or voluntary consent and without providing Plaintiff written notice of all terms and conditions of the deduction.

47.     Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described above.

48.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

49.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

50.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their respective regular rates of pay for all hours worked exceeding forty in a workweek.

52.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

53.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

54.     Defendants willfully violated the FLSA.

14

55.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

56.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and NYCRR*

57.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their respective regular rates of pay for all hours worked exceeding forty in a workweek.

59.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

60.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

61.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

62.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

63.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64.    NYLL § 652 and 12 NYCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

65.    As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

66.    As described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with spread of hours pay on each day when their spread of hours worked exceeded ten.

67.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to recover an hour's pay, at the minimum wage rate, for all days during which their spread of hours worked exceeded ten.

68.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

16

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

69.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

71.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

72.     As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

73.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

74.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Notice in Violation of the NYLL*

75.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

77.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

78.     As also described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with any wage notice at the time of hire, let alone one accurately containing the criteria enumerated under the NYLL.

79.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

80.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unlawful Deductions in Violation of the NYLL*

81.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

82.     NYLL §§ 190 and 193 prohibit employers from making any deductions from an employee's wages, outside of certain limited enumerated circumstances expressly authorized in writing by the employee.

83.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

84.     As also described above, Defendants made unauthorized deductions from the pay of Plaintiff, and from the pay of Rule 23 Plaintiffs and any FLSA Plaintiff who opts-into this action, without their express authorization in writing.

85.     As a result, Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, for the amount of any unlawful deduction.

86.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's unlawful deduction provisions.

## DEMAND FOR A JURY TRIAL

87.     Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims asserted in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.   A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State Laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other expenses, and an award of a service payment to Plaintiff;

i.   Designation of Plaintiff and his counsel as collective action representatives under

the FLSA;

j.   Appointment of Plaintiff's counsel as class counsel under FRCP 23;

k.   Pre-judgment and post-judgment interest, as provided by law; and

l.   Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs any other and further

relief as this Court finds necessary and proper.

Dated: Great Neck, New York
       August 30, 2018

Respectfully summited,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248-5550
Fax. (516) 248-6027

By:

THOMAS R. PRICE (TP 5125)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)